UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SEKOU MUATA IMANI, | ) 5:14CV2464 |
| | ) |
| Petitioner | ) JUDGE JOHN R. ADAMS |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| MARK HOOKS, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND |
| | ) <u>RECOMMENDATION</u> |

McHARGH, MAG. J.

The petitioner Sekou Muata Imani ("Imani") has filed a petition for a writ of habeas corpus pro se, arising out of his 2008 convictions for two counts of aggravated trafficking in drugs, and two counts of trafficking in drugs, in the Tuscarawas County (Ohio) Court of Common Pleas.

In his petition, Imani raises three grounds[1] for relief:

1. Defendant was denied due process and equal protection of law when the Prosecution engaged in misconduct by withholding exculpatory evidence, failing to disclose evidence, arguing facts not in evidence, vouching for false testimony of witnesses, altering evidence.

2. Defendant was denied effective assistance of counsel by counsel's failure to fully investigate the case; not review all evidence; not object to altered evidence; not request a continuance of the trial based upon late disclosure of exculpatory evidence.

---

[1] In completing the petition, Imani only filled in the "Supporting Facts" section for each ground.

    3. The Trial Court abused its discretion thereby denying Defendant due process and equal protection of law by failing to grant a continuance of the trial when exculpatory evidence had been disclosed as late as the day of trial, but not compelling discovery agreement made with Co-Defendants; by sentencing Defendant to consecutive sentences by not assigning Defendant new counsel.

(Doc. 1, § 12.)

The respondent has filed a Return of Writ, arguing that the petition is untimely, or the claim was procedurally defaulted. (Doc. 7, at 12.) Imani has filed a Traverse (doc. 11), as well as a Supplemental Traverse (doc. 12).

The "Supplemental Traverse" seeks an evidentiary hearing. (Doc. 12, at 2.) Because the court finds that the petition should be dismissed as untimely filed, the matter of an evidentiary hearing is moot.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The state court of appeals provided the following background:

According to the State's witnesses in the case sub judice, appellant sold crack cocaine or powder cocaine to a confidential informant ("CI") on the following dates: March 22, 2007, March 23, 2007, March 27, 2007, and April 5, 2007. These sales occurred at appellant's Newcomerstown

---

[2] Even if the petition had been timely filed, it is unlikely that an evidentiary hearing would be held. The Supreme Court has held that: "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before [the] state court." *See, e.g., Sanders v. Curtin*, No. 11-1712, 2013 WL 3214962, at *9 (6th Cir. June 26, 2013) (citing *Cullen v. Pinholster*,131 S.Ct. 1388, 1400 (2011)). Here, the state court of appeals addressed the merits of Imani's claim(s) concerning the informant and "newly discovered evidence." (Doc. 7, RX 28, at 5-6, 7-11; *State v. Imani*, No. 2013 AP 01 0008, 2013 WL 2285336, at *2, *3-*5 (Ohio Ct. App. May 21, 2013).)

> residence, which was located within 1,000 feet of an elementary school. Three of the transactions were recorded on audio or video.
>
> On April 17, 2007, appellant was indicted on two counts of aggravated trafficking in drugs, felonies of the first degree, and two counts of trafficking in drugs, felonies of the third degree.
>
> Appellant entered pleas of not guilty, and the matter proceeded to a jury trial on April 17-18, 2008. The jury found appellant guilty on all four counts.
>
> On May 14, 2008, the trial court sentenced appellant to two five-year prison sentences for aggravated trafficking (consecutive), and two three-year sentences for trafficking (consecutive to each other and the other sentences). The total sentence was thus sixteen years.

(Doc. 7, RX 12, at 2; State v. Imani, No. 2008 AP 06 0043, 2009 WL 3491155, at *1

(Ohio Ct. App. Oct. 27, 2009).)

Imani filed a timely direct appeal, and presented the following three

assignments of error:

> 1. The trial court erred in failing to grant appellant's request for substitute counsel and as a result the appellant was denied effective assistance of counsel.
>
> 2. The trial court erred in allowing the laboratory reports from the Bureau of Criminal Investigation into evidence as well as not providing the appellant with an independent analysis performed by a laboratory analyst appointed by the court.
>
> 3. The jury verdict is not supported by sufficiency of the evidence and is against the manifest weight of the evidence.

(Doc. 7, RX 10.) The court of appeals affirmed the judgment of the trial court on

Oct. 27, 2009. (Doc. 7, RX 12; Imani, 2009 WL 3491155.)

Imani did not file an appeal of that decision to the Supreme Court of Ohio.

3

A. Rule 26(B) Application

On Jan. 8, 2010, Imani filed a motion pro se seeking a continuance (that is, an extension of time) to file a Rule 26(B) application. (Doc. 7, RX 36[3].) Imani failed to file a delayed Rule 26(B) application during that time. On Nov. 10, 2010, the court of appeals denied the motion for continuance. (Doc. 7, RX 13.)

B. Motion for Resentencing

Imani filed a motion for resentencing under Ohio Crim. Rule 52(B) on Feb. 15, 2012. (Doc. 7, RX 14.) The trial court denied the motion, finding the claims barred by res judicata. (Doc. 7, RX 15.) Imani filed an untimely notice of appeal, which was dismissed sua sponte on April 27, 2012. (Doc. 7, RX 16, 17.) No further appeal was taken from the judgment.

C. Delayed Rule 26(B) Application

Next, on October 28, 2012, Imani filed a delayed Rule 26(B) application to reopen his appeal. Imani argued that appellate counsel was ineffective not having raised the following arguments:

> 1. Testimony induced at trial was insufficient to [convict] upon all four school enhancement penalties.
>
> 2. Trial court abused its discretion [when] it [failed] to grant defense counsel's motion for [acquittal].
>
> 3. Prosecutor committed misconduct by not providing discovery in violation of Crim.R. 16.

---

[3] The text of this motion as attached to the Return of Writ is erroneously labelled "Respondent's Exhibit 12." *See* doc. 7, RX 36. However, RX 12, as filed, is the appellate court opinion of Oct. 27, 2009. *See* doc. 7, RX 12.

(Doc. 7, RX 19.) On Nov. 26, 2012, the court of appeals denied leave to filed the delayed application, finding that Imani failed to establish good cause for his nearly three-year delay in filing his motion to reopen appeal. (Doc. 7, RX 20.)

### D. Untimely Motion for New Trial

Imani filed a motion for leave to file a delayed motion for new trial on Oct. 31, 2012. The trial court denied the motion on January 4, 2013. (Doc. 7, RX 21.) Imani filed an appeal, and presented the following assignments of error:

> 1. The trial court abused its discretion when it denied appellant's motion for leave to file a delayed motion for new trial upon prosecutorial misconduct, the knowing use of false evidence and/or false testimony.
>
> 2. The trial court abused its discretion when it denied appellant's motion for leave to file a delayed motion for new trial upon newly discovered evidence.

(Doc. 7, RX 25.) The state court of appeals affirmed the judgment of the trial court on May 21, 2013. (Doc. 7, RX 28; State v. Imani, No. 2013 AP 01 0008, 2013 WL 2285336 (Ohio Ct. App. May 21, 2013).) Imani filed a motion for reconsideration, which was denied. (Doc. 7, RX 29, 30.)

Imani pursued an appeal before the Supreme Court of Ohio, setting forth two propositions of law:

> 1. Whether it is an abuse of discretion to deny Appellant's Motion for Leave to File a Delayed Motion for New Trial upon when Appellant has shown by clear and convincing evidence that the prosecution knowing use of false evidence and/or testimony denied him a fair trial.
>
> 2. When appellant is denied due process and a fair trial under Article I, Section 10 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution by

5

structural error in the form of ineffective assistance of counsel, a new trial is warranted.

(Doc. 7, RX 33.) The state high court declined to accept jurisdiction of the appeal on Dec. 24, 2013. (Doc. 7, RX 34; State v. Imani, 137 Ohio St.3d 1441, 999 N.E.2d 696 (2013).)

### E. Federal Petition for Writ of Habeas Corpus

Imani filed a petition pro se for a writ of habeas corpus in the U.S. District Court for the Southern District of Ohio, which was signed on August 7, 2014. (Doc. 1.) The petition was transferred to this district, based on the geographical location of the institution which had custody of Imani when his petition was filed. (Doc. 2.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached

> by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

### III. STATUTE OF LIMITATIONS

The respondent argues that the petition should be denied as untimely filed. (Doc. 7, at 12.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by

7

the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For petitioners who do not pursue direct review all the way to the U.S. Supreme Court, the judgment becomes final at the "expiration of the time for seeking such review," that is, when the time for seeking direct review in state court expires, or the time allowed (90 days) for filing for certiorari expires.[4] Gonzalez v. Thaler, 132 S.Ct. 641, 653-654 (2012). In other words, "for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." Gonzalez, 132 S.Ct. at 646.

The court of appeals affirmed the judgment of the trial court on Oct. 27, 2009. (Doc. 7, RX 12; Imani, 2009 WL 3491155.) Imani did not seek timely review by the Ohio Supreme Court within 45 days, pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1). Thus, Imani's conviction became "final" within the meaning of AEDPA on Dec. 12, 2009. Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 460 (6th Cir. 2012), cert. denied, 133 S.Ct. 141 (2012); Searcy v. Carter, 246 F.3d 515, 517 (6th Cir.), cert. denied, 534 U.S. 905 (2001). Accordingly, the statue of limitations for filing his habeas petition ordinarily would have expired on Dec. 12, 2010.

---

[4] However, a habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period. *Lawrence v. Florida*, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending. Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005); Searcy, 246 F.3d at 517-518; 28 U.S.C. § 2244(d)(2). However, an untimely post-conviction or collateral motion is not considered "properly filed" so as to toll the running of the statute of limitations. Allen v. Siebert, 552 U.S. 3 (2007) (per curiam) (affirming Pace v. DiGuglielmo, 544 U.S. 408 (2005)); Williams v. Wilson, No. 03-4404, 2005 WL 2175914, at *3 (6th Cir. Aug. 9, 2005), cert. denied, 547 U.S. 1152 (2006).

Under Ohio law, a Rule 26(B) motion to reopen must be filed in the court of appeals within 90 days of the appellate judgment. State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam). The appellate judgment at issue was entered on Oct. 27, 2009. (Doc. 7, RX 12; Imani, 2009 WL 3491155.) Any motion to reopen should have been filed by Feb. 5, 2010. Although Imani filed a motion for extension of time (doc. 7, RX 36), he failed to file the application to reopen[5], and the court ultimately denied his motion for an extension of time to file. (Doc. 7, RX 13.) Thus, Imani failed to file any state post-conviction or collateral motion(s) which would toll the limitations period.

---

[5] Although Imani failed to file such an application in 2010, he later filed a delayed Rule 26(B) application to reopen on October 28, 2012. (Doc. 7, RX 19.) However, the habeas statute of limitations had expired by that time.

9

None of Imani's other post-conviction or collateral filings were filed within the limitations period. The habeas statute of limitations period expired on Dec. 10, 2010, and Johnson's habeas petition was not filed until the year 2014. Thus, Imani's petition was untimely filed.

## IV. SECTION 2244(d)(1)(D)

Imani does not contest respondent's contention that his petition is untimely under Section 2244(d)(1)(A); rather, he argues that he should be entitled to a later start date of the limitations period under Section 2244(d)(1)(D). (Doc. 11, at 1.) He contends that the limitations period should not begin to run

> . . . until Petitioner discovered, through the exercise of due diligence, that the trial testimony and argument of counsel at trial relating to the incentives afforded to Lisa Haas, the confidential informant in this case, in order to secure her testimony, was not accurate.

(Doc. 11, at 1-2.)

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The limitations period under Section 2244(d)(1)(D) does not begin "when a prisoner actually understands what legal theories are available." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). Accord Townsend v. Lafler, No. 02-2151, 2004 WL 1098757 (6th Cir. May 14, 2004), cert. denied, 543 U.S. 1062 (2005). Rather, the year "begins when the prisoner knows (or through diligence could discover) the

10

important facts, not when the prisoner recognizes their legal significance." Id.  See also Earls v. Hernandez, 403 F.Supp.2d 985, 989 (C.D. Cal. 2005) (citing cases).

To benefit from Section 2244(d)(1)(D), the habeas petition must be filed within one year from the date of the discovery.  Coldiron v. Timmerman-Cooper, No. 3:04cv7750, 2007 WL 1813201, at *4 (N.D. Ohio June 19, 2007) (citing DiCenzi v. Rose, 419 F.3d 493, 497-500 (6th Cir. 2005)); Mosley v. Petro, No. 5:04CV726, 2006 WL 2640958, at *5 (N.D. Ohio Sept. 13, 2006).

Imani asserts that the date on which the factual predicate for the claim was discovered was, at the earliest, October 1, 2012, the date a letter was received from the prosecutor's office which responded to Imani's request for information concerning a confidential informant in his case.  (Doc. 11, at 2, citing RX 25, appellate brief, exhibits 3-4.)

The respondent counters that the predicate facts supporting the claims relating to the informant were all known, or should have been known through the exercise of due diligence, by Imani no later than December 2009, when his direct appeal became final.  (Doc. 7, at 15.)

The state court of appeals summarized the underlying facts in its judgment denying his appeal of the trial court's denial of Imani's motion for a new trial, based on the same "newly discovered evidence," as follows:

> On September 4, 2012, appellant [Imani] wrote to the Tuscarawas County Prosecutor's Office and requested specific information, including "copies of the confidential informant's arrest records and the terms of the confidential informant's plea agreement that she made with Coshocton County which led to her involvement in this case."

Appellant received a response from the prosecutor's office which is attached to his motion as Exhibit No. 4. In the letter to appellant, Assistant Prosecutor Michael Ernest stated the following:

> 3. The Confidential Informant did not have any prior felony convictions at the time of your trial. She appears to have been arrested in September, 2005, in Coshocton County for Trafficking in Drugs. These charges were dismissed in July, 2006. I have contacted the Coshocton County Prosecutor's Office regarding any plea agreements. I was informed that there wasn't a plea agreement. Likewise, this office does not have any record of a plea agreement in Coshocton County that you referenced in your letter.

Appellant claims this letter constitutes "newly discovered evidence."

\* \* \* \* \*

Tuscarawas County Sheriff's Detective Scott Ballentine testified Lisa Haas was a confidential informant that he obtained through the Coshocton County Sheriff's Office. T. at 58. Detective Ballentine explained, "[t]hey contacted us a little more than a year ago and said that she had evidently some charges down there. There wasn't really anything that she could do for them in Coshocton County and she indicated that she could make some buys in Newcomerstown from a gentleman by the name of Sekou Imani." As to any deals made for her assistance, Detective Ballentine testified as follows (T. at 58–59):

> Q. Now, to your knowledge, did Lisa Haas have any pending criminal charges in Coshocton County?
>
> A. She did.
>
> Q. All right. Do you know, were there any (inaudible) made to her that should she cooperate, provide assistance in the investigation, something would happen to those charges?
>
> A. It was my understanding that if she cooperated, that she would either face reduced charges or no charges.

12

>   Q. All right. She was obviously getting something for helping you out?
>
>   A. Right.
>
>   Q. Okay. You understand that might give her an incentive to perform as you would want—
>
>   A. Sure.
>
>   Q. —and not necessarily as what would have actually happened?
>
>   A. Absolutely.

On cross-examination, defense counsel elicited the following testimony (T. at 89–90):

>   Q. Do you know what she was charged with in Coshocton County?
>
>   A. I believe trafficking but I'm not sure of the severity of it.
>
>   Q. All right. So she's charged with trafficking in Coshocton County—
>
>   A. That's right.
>
>   Q. —to the best of your knowledge?
>
>   A. Au-hau.
>
>   Q. You don't know whether she's convicted of anything?
>
>   A. I, I'm not sure. I honestly don't know.
>
>   Q. Is she in jail today?
>
>   A. No.
>
>   Q. Prison?

13

>    A. No. To my—
>
>    Q. So she's—
>
>    A. To my knowledge, I believe she was incarcerated in Coshocton County Jail for a very short time if at all.
>
>    Q. And she's out on the streets right now?
>
>    A. That's correct.

Lisa Haas testified after she was indicted on drug charges, she cooperated with the Coshocton County Sheriff's Office so she could avoid going to the penitentiary and possibly losing custody of her son. T. at 105–106. She testified, "I have to do what I have to do and nothing's been closed as of this time" so she was willing to cooperate or "I would have to go to the penitentiary and suffer the consequences of others." T. at 109. On cross-examination, defense counsel specifically questioned Ms. Haas on her charges and any plea deals. T. at 127–129. Ms. Haas testified the charges were still pending and although no deal had been made, "they said that they would work with me to maybe lessen the charges." T. at 128. Ms. Haas admitted that was why she was cooperating and why she was in court testifying. T. at 129.

It is important to note that the testimony of the witnesses was given in April 2008, over a year after the controlled buys and some two years after the dismissal of the drug charges against Ms. Haas.

Prior to the commencement of the trial, the prosecutor filed a notice of exculpatory evidence which stated the following:

> Lisa Haas, a witness in this matter, has previously been charged with drug related offenses in Coshocton County. In return for consideration in the handling of that case or those cases, Coshocton County has agreed to reduce the seriousness of the offenses or dismiss the criminal charges in return for her assistance in investigating other drug related activity. Such assistance was to include assistance to other law enforcement agencies in the area, including the Tuscarawas County Sheriff. No consideration has been given by the Tuscarawas County Sheriff. No consideration has been given by the

14

> Tuscarawas County Sheriff or the Tuscarawas County Prosecutor for any conduct which may have occurred in Tuscarawas County.
>
> Prior to trial, appellant stated to the trial court, "I would like to see her [Lisa Haas] record, her arrest record and her, her, and what all charges and treatment or what all she's been involved." T. at 5. Clearly appellant was aware of Ms. Haas's criminal issues prior to trial because he specifically requested information on the matter.
>
> During her testimony, Ms. Haas explained no deal had been made, but she had been indicted on drug charges and had agreed to cooperate with law enforcement "to maybe lessen the charges." T. at 128. We do not find any need to go any further in an attempt to disqualify her testimony. In fact, if the charges against Ms. Haas were dismissed prior to her cooperation with the Tuscarawas County Sheriff's Office, there would have been no incentive to cooperate thereby bolstering her credibility.
>
> The lack of knowledge as to the particulars of any "deal" made between Ms. Haas and the Coshocton County Sheriffs's Office did not prejudice the trial, and such knowledge, in all probability, would not change the result if a new trial was granted. The evidence was available prior to trial with a simple telephone call to the authorities in Coshocton and therefore does not constitute newly discovered.
>
> As for the complained of prosecutor's comments made during closing argument, the trial court specifically informed the jury that closing arguments of counsel are not evidence. T. at 235.

(Doc. 7, RX 28, at 5-6, 7-11; Imani, 2013 WL 2285336, at *2, *3-*5.)

The respondent argues that Haas' cooperation as a confidential informant, and her agreement to be truthful, were known at the time of Imani's trial in April 2008. The respondent contends that the prosecution advised Imani in pretrial discovery of Haas' criminal proceedings in Coshocton County, of her agreement to cooperate as an informant, and that no consideration was given by law enforcement in return for that cooperation. The respondent asserts that Imani cannot

15

demonstrate due diligence, when he learned of Haas' background prior to his April 2008 trial, and long before his 2012 letter to the prosecutor, yet did nothing earlier to obtain more information. (Doc. 7, at 18.)

In his Traverse, Imani claims that he sought further information about the informant at the time of trial, as reflected above, but also that he "wrote the prosecution in 2009, 2010 and twice in 2011 seeking said information from the prosecution, to no avail." (Doc. 11, at 4.) He provides no evidentiary support for the claims that he contacted the prosecution post-trial earlier than the 2012 letter. Id.

The issue is when Imani could have learned of the additional information concerning the informant had he exercised reasonable care. See, e.g., Townsend, 2004 WL 1098757, at *2. As noted by the state court of appeals, Imani was aware of "[the informant's] criminal issues prior to trial because he specifically requested information on the matter." (Doc. 7, RX 28, at 11; Imani, 2013 WL 2285336, at *5.) There was testimony at trial that the informant faced drug charges at one point, and was offered some sort of leniency if she cooperated in drug investigations. The court does not find this matter to constitute "newly discovered evidence," and statutory tolling under Section 2244(d)(1)(D) does not apply.

## V.  RECOMMENDATION

The petition should be denied as untimely filed.


Dated:   Nov. 25, 2015              /s/ Kenneth S. McHargh
                                                            Kenneth S. McHargh
                                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).