# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SEKOU MUATA IMANI, | ) | **CASE NO**.: 5:14 CV 2464 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN ADAMS |
| | ) | |
| MARK HOOKS, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This action is before the Court upon objections filed by Petitioner, Sekou M. Imani, asserting error in the Magistrate Judge's Report and Recommendation ("the R&R"). (Doc. #14.) The Court ADOPTS the R&R in its entirety. The Petition is DENIED AND DISMISSED.

## I.  FACTUAL AND PROCEDURAL HISTORY

The Report adequately states the factual background and procedural history of this matter.  Petitioner states he has no objections to, and has identified no error in, the Magistrate's Synopsis of the Facts; Procedural History; or standard of review.  The Court will accept the factual and procedural history reflected in the Report as written.

## II.     STANDARD OF REVIEW

Motions made pursuant to 28 U.S.C. § 2254 are governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  AEDPA prescribes a narrow *habeas corpus* remedy only where a State court adjudication has resulted in (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). AEDPA further limits "clearly established Federal law" to those principles "determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1).  For the purposes of *habeas* review after AEDPA, "clearly established Federal law" refers to the express holdings of the United States Supreme Court "as opposed to the dicta" of that Court's decisions "of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 365, 120 S.Ct. 1495 (2000).

When evaluating a § 2254 petition this Court notes that AEDPA and decisional law applying its restrictions have clearly stated that a district court may not "apply its own views of what the law should be" but must issue a writ only where "clearly established federal law" has been applied *unreasonably,* not merely erroneously or incorrectly. *Bailey v. Mitchell*, 271 F.3d 652, 656 (emphasis added).  The Supreme Court reiterates:

> If this standard is difficult to meet, that is because it was meant to be.  As amended by AEDPA, § 2254 (d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings.  It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the United States Supreme Court's] precedents.  It goes no further. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Harrington v. Richter*, 562 U.S. 86, 102, 131 S.Ct. 770 (2011) (Citations omitted). The Sixth Circuit explains:

> A state court decision is 'contrary to' clearly established Federal law 'if the state court arrives at a conclusion opposite to that reached by [U.S. Supreme Court] on a question of law,' or 'if the state court confronts facts that are materially indistinguishable from a relevant [U.S.] Supreme Court precedent' and arrives at a different result. A state court decision is an 'unreasonable application of' clearly established Federal law 'if the state court correctly identifies the correct governing legal rule from [U.S. Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case. An 'unreasonable application' can also occur where 'the state court either unreasonably extends a legal principle from [the U.S. Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005), internal citations, to *Williams v. Taylor*, 529 U.S. 405–407, omitted. A petition for relief under 28 U.S.C. § 2254 is subject to the statute of limitations set forth in 28 U.S.C. § 2244 (d), which requires:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the jurisdiction of a State court. The limitation period shall run from the latest of—
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244; *Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir. 2004).

Where, as here, a party files written objections to the report and recommendation issued by the magistrate judge, this Court "shall make" a *de novo* "determination of those portions of the record or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636 (b)(1). Only those portions of a report and recommendation to which the parties have made an objection are subject to review; absent an objection, this Court may adopt the magistrate's report without review. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 145, 106 S.Ct. 466 (1985). With regard to those portions of the Report and Recommendation under

3

review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

The Magistrate Judge Act (28 U.S.C. § 636 *et seq.*) "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 907 n. 1 (6th Cir.2000); *see also Clark v. U.S.*, 764 F.3d 653 (6th Cir. 2014) and *Enyart v. Coleman*, 29 F.Supp.3d 1059 (N.D. Ohio 2014), among others. Thus, this Court's review is predicated on a proper objection to the Magistrate's evaluation of the issues presented to the Magistrate. Fed. R. Civ. Pro. 72 (b)(3). It is incumbent upon the party seeking relief to file objections "which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." Fed. R. Civ. Pro. 72 (b)(3). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D.Mich. 2004) citing *U.S. v. Walters*, 638 F.2d. 947, 949-50 (6th Cir. 1981).

### III. LAW AND ANALYSIS

Petitioner does not address the Magistrate's analysis of the timeliness of his claims or make a legal argument demonstrating the need for equitable tolling in this matter. Instead Petitioner focuses on the testimony of the confidential informant who testified at his trial. This testimony and the benefit the informant was alleged to be receiving as a result of her cooperation were disclosed to Petitioner prior to trial. This information was, as the Magistrate indicates, the basis of Petitioner's 2012 appeal as of right, which was found to be without merit by the Ohio Fifth District Appellate Court. The Ohio Appellate Court compared the information Petitioner

claimed to be newly discovered evidence and the testimony reflected in the trial transcript and concluded that there was no newly discovered information.  (Doc. # 7, Exhibit 28; 5-6 and 7-11.)  Petitioner's contentions concerning information that was available to him at the time of trial in no way address the substance of the Magistrate's R&R and do not demonstrate timeliness or a tolling event that remedies the apparent untimeliness of this Petition.  Accordingly, this Court finds that Petitioner has failed to make the type of substantive objection that triggers a *de novo* evaluation of the proposed findings and recommendation.

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* Such "general objections" are a duplication of time and effort and a waste of judicial resources, as they do not serve the purposes of Federal Rule of Civil Procedure 72(b). *Cvijetinovic v. Eberlin*, 617 F.Supp.2d 620, 632 (N.D. Ohio 2008), rev'd on other grounds, 617 F.3d 833 (6th Cir. 2010).  This Court is not required to perform a duplicative review of Petitioner's "objections" that fall outside the purpose of Federal Rule of Civil Procedure 72(b).

The R&R properly lays out the law surrounding timeliness, equitable tolling, and the timeline of Petitioner's various challenges to his conviction and sentence.  28 U.S.C. § 2244 (d)(1)(A) and (d)(1)(D).  Petitioner has not identified any error in the law relied upon by the Magistrate in the R&R which thoroughly and accurately analyses the general untimeliness that is a regular feature in Petitioner's history of filings in State and in Federal court.  In the absence of a substantive objection to the R&R, this Court will adopt the findings and recommendations of the Magistrate in this matter.

**IV. CONCLUSION**

Petitioner's objections are OVERRULED. The R&R is adopted, and the petition is hereby DENIED AND DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**.

*/s/ John R. Adams*
**U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: May 31, 2016.